**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-4149**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DESHAWN ANTHONY BROWN,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:21-cr-00011-GMG-RWT-1)

───────────

Submitted:  March 21, 2025                                  Decided:  May 7, 2025

───────────

Before RUSHING and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────

Dismissed in part, affirmed in part by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Randolph J. Bernard, Acting United States Attorney, Wheeling, West Virginia, Kimberley D. Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deshawn Anthony Brown pled guilty, pursuant to a written plea agreement, to possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Brown to 46 months' imprisonment and three years' supervised release. On appeal, Brown's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred by declining to apply an acceptance of responsibility reduction when calculating Brown's Sentencing Guidelines range. Although notified of his right to do so, Brown has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal as barred by the appeal waiver in Brown's plea agreement. We previously ordered the parties to submit supplemental briefs addressing whether the district court plainly erred in determining that Brown's guilty plea was knowingly and intelligently entered and supported by an adequate factual basis, particularly in light of Brown's comments related to the factual basis. Having reviewed the parties' submissions and the entire record, we grant in part the Government's motion to dismiss, dismiss the appeal in part, and affirm in part.

Brown's appeal waiver does not prevent our review of the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant

2

of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3).

Because Brown neither raised an objection during the plea colloquy nor moved to withdraw his guilty plea, we review the adequacy of the colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under the plain error standard, a defendant "must establish that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022) (cleaned up). A defendant who pled guilty establishes that an error affected his substantial rights by showing "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Lockhart*, 947 F.3d 187, 192 (4th Cir. 2020) (en banc) (internal quotation marks omitted).

At the plea colloquy, the magistrate judge substantially complied with Rule 11 and ensured that Brown was competent, pleading guilty freely and voluntarily, and understood the applicable penalties, his trial rights, the sentencing process, and the provisions of the plea agreement. Additionally, although Brown's initial response to the Government's proffered factual basis suggested that he may not have understood how his conduct satisfied the elements of the offense, he later clarified that he was guilty of "[p]ossession with intent to distribute drugs" and admitted that the Government recovered fentanyl and drug

3

distribution paraphernalia from his motel room. (J.A. 44).[*] In light of Brown's admissions, we conclude that the district court did not plainly err in accepting his guilty plea.

Turning to Brown's appeal waiver, we review its validity de novo and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appeal waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted).

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Brown knowingly and intelligently waived his right to appeal. And Brown's challenge to the district court's calculation of his Guidelines range falls squarely within the scope of the valid waiver, which precludes all appeals except those claiming prosecutorial misconduct or ineffective assistance of counsel. Accordingly, the waiver bars review of the issue.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal outside the scope of Brown's valid appeal waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

4

to all issues within the waiver's scope.  We affirm the remainder of the criminal judgment.

This court requires counsel to inform Brown, in writing, of the right to petition the Supreme

Court of the United States for further review.  If Brown requests that a petition be filed, but

counsel believes that such a petition would be frivolous, then counsel may move in this

court for leave to withdraw from representation.  Counsel's motion must state that a copy

thereof was served on Brown.  We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*